UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NYKERRIA FOSTER** | **CIV. ACTION NO. 3:23-00156** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WAL-MART LOUISIANA, L. L. C., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for partial dismissal under Rules 12(b)(1) and (6) [doc. # 11] filed by Defendant Wal-Mart, Inc., and non-party Wal-Mart Louisiana, L.L.C. The motion is opposed. For reasons explained below, it is recommended that the motion be GRANTED IN PART and DENIED IN PART.

## Background

On January 11, 2023, Plaintiff Nykerria Foster (hereinafter, "Foster") filed the instant wrongful death action, individually, and, on behalf of her unborn child, against Defendant, Wal-Mart, Inc. (sued as, "Walmart, Inc.") (hereinafter, "Walmart"). (Petition for Wrongful Death) ("Petition"). Foster alleged that, on February 19, 2022, she was working at the Rayville, Louisiana Walmart store when she slipped and fell on a liquid substance on the floor. *Id*., ¶ 3. The fall caused Foster to suffer a miscarriage. *Id*., ¶ 4. Foster seeks to recover damages from Walmart for the loss and affection of her unborn child, including grief and mental anguish, emotional distress from seeing her unborn child's dead body, medical expenses, grief counseling, and loss of life claims on behalf of mother and child. *Id*., ¶ 13.

On February 6, 2023, Walmart and non-party, Wal-Mart Louisiana, L.L.C. (hereinafter, "Walmart-LA"), removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of removal).

On March 10, 2013, Walmart and Walmart-LA filed the instant motion for partial dismissal under Rules 12(b)(1) and (6). The compound motion seeks dismissal of the following claims: (1) Foster's medical expenses for injuries that she sustained as a result of the accident, including costs of grief counseling, because they fall within the exclusive jurisdiction of the Louisiana Workers' Compensation Law; (2) any survival action brought on behalf of the unborn child; and (3) any bystander damages stemming from Foster's viewing of her unborn child.

On March 19, 2023, Foster filed her opposition to the motion to dismiss. (Pl. Opp. [doc. # 13]). Walmart and Walmart-LA filed a reply brief on March 24, 2023. (Reply Memo. [doc. # 14]). Accordingly, the matter is ripe.

## Analysis

### I.  Walmart-LA

The court observes that Foster did not sue Walmart-LA. *See* Petition. Accordingly, Walmart-LA is not a defendant, its joinder in the notice of removal notwithstanding. *See Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595–96 (5th Cir. 2020). As Walmart-LA is not a defendant, its joinder in the present motion to dismiss is superfluous. Thus, in lieu of dismissal, the undersigned will recommend that Walmart-LA be stricken from the case.

### II.  Standard of Review

Walmart seeks dismissal of Foster's medical claims for lack of subject matter jurisdiction under Rule 12(b)(1) because she contends Foster's remedy for medical expenses and costs lies

2

within the exclusive jurisdiction of the Louisiana Workers' Compensation Law ("LWCL"). Walmart asserts that a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). However, this court plainly enjoys the constitutional and statutory authority to entertain this matter.[1] *See* U.S. CONST., ART. III; 28 U.S.C. § 1332. Furthermore, courts often decide the preclusive effect of the LWCL in the context of a ruling on the merits. *See, e.g., Reynolds v. Louisiana Plastic*, 26 So.3d 149, 151–52 (La. App. 2d Cir. 2009) (motion for summary judgment is the appropriate avenue to address the issues of immunity from tort liability); *Stewart v. Smitty's Supply, Inc.*, Civ. Action No. 18-10058, 2019 WL 5634625, at *1 (E.D. La. Oct. 31, 2019) (dismissing negligence claims as barred under Rule 12(c) because of LWCL's exclusive remedy provision).

Accordingly, the court will consider Walmart's LWCL exclusivity argument under Rule 12(b)(6), rather than Rule 12(b)(1). Under either rule, however, the outcome remains the same.

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2).

---

[1] A more salient question is whether this court enjoys removal jurisdiction. *See* 28 U.S.C. § 1445(c) (a "civil action" that arises under state workmen's compensation laws may not be removed to federal court). Regardless, improper removal under § 1445(c) represents a procedural defect in the removal process that is waived if not raised within 30 days after removal. *Milligan v. Home Depot USA, Inc.*, 809 Fed. App'x. 217, 218 (5th Cir. 2020) (citation omitted).

3

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly.*

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only

4

a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Because filings in other cases are public records, the court may take judicial notice of them. *See Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 Fed. App'x. 617, 618 n.1 (5th Cir. 2015) (citations omitted).

### III. Substantive Law

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211(1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817 (1938). The parties in this matter implicitly agree that the disputed issues are governed by the substantive law of Louisiana.[2] *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Ace American*

---

[2] Both sides analyzed the issues pursuant to Louisiana law.

*Insurance Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832 (5th Cir. 2012) (applied Texas law where neither side disputed that Texas law applied); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed).

To determine Louisiana law, federal courts look to the final decisions of the Louisiana Supreme Court. *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d 264, 269 (5th Cir. 2009) (citation omitted). In the absence of a decision by the Louisiana Supreme Court on a given issue, federal courts are compelled to make an *Erie* guess. *In re Katrina Canal Breaches Litigation*, 495 F.3d at 206; *Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 628 (5th Cir. 2000). In so doing, the court must use its best judgment to determine

> how [the Louisiana Supreme C]ourt would resolve the issue if presented with the same case. In making an *Erie* guess, we must employ Louisiana's civilian methodology, whereby we first examine primary sources of law: the constitution, codes, and statutes. Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary law source in Louisiana. Thus, although we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them.

*In re Katrina Canal Breaches Litigation*, 495 F.3d at 206 (internal citations and quotation marks omitted).

**IV.    Tort Immunity**

The LWCL provides that, "[e]xcept for intentional acts . . . the rights and remedies herein granted to an employee or his dependent on account of an injury . . . for which [s]he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages . . ." LA. R. S. § 23:1032(A)(1)(a). In other words, when an employee is injured by an accident that occurs in the course of the employment and arises out of the employment, then compensation benefits are the employee's exclusive remedy against her employer for such an

injury. *Mundy v. Dep't of Health & Human Res.*, 593 So.2d 346, 349 (La. 1992); *see also Duncan v. Wal-Mart Louisiana, L.L.C.*, 863 F.3d 406, 408 n.1 (5th Cir. 2017) (LWCL's exclusivity provision usually bars employee's suit for negligence against her employer).

"When the employer seeks to avail itself of tort immunity under Section 1032, the employer has the burden of proving entitlement to immunity." *Mundy, supra*; *Endurance Am. Ins. Co. v. Cheyenne Partners, LLC*, Civ. Action No. 20-0571, 2023 WL 2334095, at *1 (W.D. La. Mar. 2, 2023) (same). Indeed, an employer's immunity from suit in tort pursuant to the exclusive remedy provision of Louisiana Revised Statute 23:1032 is an affirmative defense. *Brown v. Adair*, 846 So.2d 687, 690 (La. 2003) (citation omitted); *see also* FED. R. CIV. P. 8(c) (listing "injury by fellow servant" as an affirmative defense). Although dismissal under Rule 12(b)(6) sometimes may be premised upon a successful affirmative defense, that defense must appear on the face of the complaint. *EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006).

A basic requirement for applicability of the LWCL, and its attendant tort immunity provision, is the existence of an employer-employee relationship. *Roberts v. Sewerage & Water Bd. of New Orleans*, 634 So.2d 341, 350 (La. 1994). While not raised by Foster, it is not clear to the court that Walmart has established that it was Foster's employer. Foster alleged in her Petition no more than she "was working at Defendant's WalMart Store . . . when she slipped and fell . . ." (Petition, ¶ 3). She did not allege that she was working for Wal-Mart, Inc., or that Wal-Mart, Inc. was her employer.

In support of its motion to dismiss, Walmart submitted a copy of a "Disputed Claim for Compensation" ("DCC") that Foster filed with the Office of Workers' Compensation ("OWC") wherein she listed "Wal-Mart" as her employer. *See* DCC; M/Dismiss, Exh. [doc. # 11-1]. However, Foster did not specify which "Wal-Mart" entity was her employer. Moreover, this

7

omission is not insignificant, given that Wal-Mart-LA has attempted to interject itself into this case, *see* discussion, *supra*, which raises the reasonable inference that it might be Foster's employer, not Wal-Mart, Inc. After all, Wal-Mart-LA is the owner and operator of the store where Foster was injured. (Notice of Removal, ¶ 2).

Accordingly, the court finds that Walmart has not established that it is entitled to immunity under the LWCL for Foster's claims for medical expenses for injuries that she sustained as a result of the accident.[3]

## V. Survival Action and Bystander Damages

In 1981, the Louisiana Supreme Court held that "parents may recover wrongful death damages from a tortfeasor whose negligence caused injury to their unborn child, subsequently born dead because of the injury." *Bailey v. Khoury*, 891 So.2d 1268, 1277 (La. 2005) (citing *Danos v. St. Pierre,* 402 So.2d 633 (La.1981) (on rehearing)).[4] In addition, the Louisiana Supreme Court recognized that a lower court had determined that "a cause of action for an unborn child's wrongful death against its mother's employer was not subject to the exclusivity provisions of the workers' compensation statute." *Id*. (citing *Adams v. Denny's Inc.*, 464 So.2d 876, 877 (La. App. 4th Cir. 1985)); *see also Duncan v. Wal-Mart Louisiana, L.L.C.*, 863 F.3d 406, 408 n.1 (5th Cir. 2017) (loss of an unborn child is not an "injury" covered by the LWCL).

Nonetheless, in *Wartelle v. Women's & Children's Hosp., Inc.*, the Louisiana Supreme Court unequivocally held that a stillborn fetus is not a "person" who can acquire and transmit a survival action under Louisiana Civil Code Article 2315.1. *Wartelle*, 704 So.2d at 782 (citing

---

[3] The contours of this issue may be clarified or even mooted by the anticipated progression of Foster's DCC at the OWC.

[4] The legislature codified *Danos* in 1987 when it enacted Louisiana Civil Code Article 26. *Wartelle v. Women's & Children's Hosp., Inc.*, 704 So.2d 778, 782 (La. 1997).

LA. CIV. CODE ART. 26). Likewise, a stillborn fetus is not considered a "person" for purposes of bystander damages under Louisiana Civil Code Article 2315.6. *Id*. The foregoing principles plainly follow from Civil Code Article 26, which provides that, "[a]n unborn child shall be considered as a natural person for whatever relates to its interests from the moment of conception. If the child is born dead, it shall be considered never to have existed as a person, except for purposes of actions resulting from its wrongful death." LA CIV. CODE ART. 26.

Despite this seemingly dispositive pronouncement by the Louisiana Supreme Court in *Wartelle* regarding the effect of Louisiana Civil Code Article 26, Foster urges the court to reach a different result. To buttress her argument, Foster cites supporting sentiments from 1923 and 2021 Louisiana intermediate court decisions. *See Johnson v. South N. O. Lt. & Traction Co.*, No. 9,048 (Orl.App.1923), *cert. den*. No. 26,443 (La.1924); and *Robinson v. Mitchell*, 323 So.3d 982, 989-90 (La. App. 2nd Cir. 2021). However, Foster did not demonstrate that the *Johnson* and *Robinson* decisions addressed the survival and bystander actions at issue here. Even if she had, state intermediate court decisions are not binding, and not even particularly relevant when the Louisiana Supreme Court has spoken to the contrary.

Needless to say, Foster strongly disagrees with the Louisiana Supreme Court and the Louisiana legislature's disposition of the issues in this case. She emphasizes that the Louisiana Criminal Code defines a "[p]erson" as including a "human being from the moment of fertilization and implantation and also includes a body of persons, whether incorporated or not." LA. R. S. § 14:2(7). In the distinct *civil* context, however, the Louisiana legislature has adopted a different definition of "person." *See* LA. CIV. CODE ART. 25 ("Natural personality commences from the moment of live birth and terminates at death."). Insofar as Foster desires to harmonize the two sides of the criminal-civil law divide, that is an issue for the legislature.

In the interim, this Court is constrained to apply the law in its current form as expressed by the solemn expression of the will of the people, via their duly elected representatives,[5] and as interpreted by the state's highest court. In so doing, this court is obliged to give effect to the binding authority which holds that Foster does not have cognizable survival and bystander claims stemming from the tragic death of her stillborn child. *See Wartelle, supra*; LA. CIV. CODE ART. 26.

## Conclusion

Accordingly,

IT IS RECOMMENDED that non-party Wal-Mart Louisiana, L.L.C. be STRICKEN from the case.

IT IS FURTHER RECOMMENDED that the Rule 12(b)(6) motion for partial dismissal [doc. # 11] filed by Defendant Wal-Mart, Inc. be GRANTED IN PART and that Plaintiff Nykerria Foster's survival action and request for bystander damages be DISMISSED, with prejudice. FED. R. CIV. P. 12(b)(6).

IT IS FURTHER RECOMMENDED that the motion to dismiss [doc. # 11] otherwise be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

---

[5] *See* LA. CIV. CODE ART. 2.

filing. Timely objections will be considered by the District Judge before he or she makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this **18th day of August, 2023**.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE